# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:25-cr-53 |
| ) | |
| PLAINTIFF, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ZACHARY SCOTT BEARD, ) | |
| ) | |
| DEFENDANT. ) | |

*Pro se* defendant Zachary Scott Beard ("Beard") moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 21 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 25 (Response).) Because Beard's constitutional challenge to the custody term imposed upon his supervised release violations is entirely without merit, the motion to vacate is denied.

I.     **BACKGROUND**

On February 7, 2018, a judge of the United States District Court for the Western District of Arkansas sentenced Beard to a custody term of 78 months, followed by 3 years of supervised release, resulting from Beard's guilty plea to being a felon in possession of a firearm. (Doc. No. 6 (Violation Report), at 1;[1] *see* Doc. No. 1-1 (Docket from W.D. Ark. No. 1:17-cr-10003), at 3). On September 29, 2023, Beard was released from prison and began his period of supervised release.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

(Doc. No. 6, at 1.) On February 18, 2025, Beard transferred his supervision to the Northern District of Ohio. (Doc. No. 4 (Order Accepting Transfer of Jurisdiction of Supervised Release); *see* Doc. No. 1 (Transfer of Jurisdiction of Supervised Release); Doc. No. 6, at 1.)

A Violation Report issued on February 24, 2025, identifying the following supervision violations: (1) failure to provide a valid address and phone number, (2) a new law violation associated with a criminal charge of trespass, (3) failure to report police contact related to the trespass charge within 72 hours, and (4) submitting a urine sample that tested positive for amphetamine and methamphetamine. (Doc. No. 6, at 1–2.) Following Beard's arrest on the violations, the Court appointed Beard counsel. (Order [non-document], 2/26/2025.)

On April 9, 2025, a revocation hearing was conducted before the magistrate judge. (Minutes of Proceedings [non-document], 4/9/2025.) The magistrate judge issued a report and recommendation ("R&R"), in which the magistrate judge recommended that the Court find that Beard violated the terms and conditions of his supervised release by failing to provide a valid address and contact information, by failing to report police contact, and by submitting a urine sample positive for controlled substances. (Doc. No. 19 (R&R).)

A final supervised release violation hearing was conducted on April 24, 2025, at which time the Court found defendant to be in violation of the terms and conditions of his supervised release as outlined in the R&R. (Doc. No. 20 (Order on Violations of Conditions of Supervised Release); Minutes of Proceedings [non-document], 4/24/2025.) The Court revoked defendant's supervision and committed defendant to a custody term of 3 months, with credit for time served, followed by 2 years of supervised release. (Doc. No. 20, at 2.)

The instant motion to vacate followed. In his motion, Beard maintains that he "is at this

2

present being unlawfully detained against the laws and Constitution of the United States." (Doc. No. 21, at 6.) He seeks immediate release from custody. (*Id.* at 2.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

## III. DISCUSSION

Title 18 U.S.C. § 3583(e)(3) permits a federal court to revoke a person's term of supervised release and require that person to return to prison to serve all or part of the term of supervised release. *See United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008) ("The district court may revoke a defendant's term of supervised release and require the defendant to serve a new term of

3

imprisonment pursuant to 18 U.S.C. § 3583(e).") Procedures for revocation of supervised release are governed by Fed. R. Crim. P. 32.1, which "provides a defendant several procedural protections, including a revocation hearing, written notice of the alleged violation, disclosure of evidence, the opportunity to present evidence, notice of the right to counsel, and the opportunity to make a statement and present mitigation." *United States v. Smith*, 639 F. App'x 349, 352 (6th Cir. 2016) (citing Fed. R. Crim. P. 32.1(b)(2)).

While his motion is not a model of clarity, it appears that Beard questions the Court's authority to revoke his supervised release and impose a period of incarceration for his supervised release violations. (Doc. No. 21, at 2.) He argues broadly that the custody term imposed by the Court violates various amendments to the United States Constitution. (*Id.*) "As a general matter, circuit courts [including the Sixth Circuit] have long rejected constitutional attacks on § 3583's processes." *United States v. Robinson*, 63 F.4th 530, 538 (6th Cir. 2023) (rejecting defendant's Fifth and Sixth Amendment challenges to the supervised release statute); *see United States v. Johnson*, 356 F. App'x 785, 792 (6th Cir. 2009) (noting that the "the supervised-release regime remains constitutional").

Beard posits that his supervised release violations do not constitute criminal acts, and, therefore, he cannot be detained for such violations. (*See, e.g.*, Doc. No. 21, at 4 ("Your defendant's supervised release conditions are not crimes[.]") While it may be true that supervised release violations are "not properly characterized as criminal offenses[,]" *United States v. Phillips*, 640 F.3d 154, 157 (6th Cir. 2011), the argument fails to advance his position. Supervised release "is, in fact, 'part of the penalty for the initial offense[.]'" *Johnson*, 356 F. App'x at 791 (quoting *Johnson v. United States*, 529 U.S. 694, 700, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000)).

4

"[B]ecause 'supervised release is authorized by the original conviction . . . so too are the consequences of its violation.'" *Id*. at 791–92 (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)); *see also Johnson*, 529 U.S. at 700 ("Although [supervised release] violations often lead to reimprisonment, the violative conduct need not be criminal . . . .").

Beard also complains that the hearing to revoke supervised release does not equate to a trial. Once again defendant's statement is true, but his argument "fails to appreciate the Supreme Court's distinction between a hearing where the court imposes the initial criminal sentence and a hearing where the court fashions a subsequent term of imprisonment for a violation of a condition of supervised release—i.e., a portion of that initial criminal sentence." *Johnson*, 356 F. App'x at 791 (citing *Johnson*, 529 U.S. at 700–01). Because Beard has already been convicted of the underlying weapons offense and revocation of his supervision is attributed to that underlying offense, he "was not being subjected to further criminal prosecution so as to necessitate full constitutional protection." *Id*. (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). Accordingly, supervised release revocation proceedings "do not require an indictment, the beyond-a-reasonable-doubt standard, or a jury trial." *Id*.

Beyond these general challenges to the revocation-of-supervised-release process, Beard offers no arguments that would support a finding that the sentence imposed by the Court was unlawful or otherwise subject to collateral attack. Because Beard has failed to identify any error—much less one that entitles him to relief under § 2255—the motion to vacate is denied.

## IV. CONCLUSION

For the foregoing reasons, Beard's motion to vacate, set aside, or correct his sentence (Doc. No. 21) is denied. Further, the Court concludes that "jurists of reason" would not find it "debatable

whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right[.]" *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 15, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**